UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WENDELL SIMMONS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:11CV385 ACL |
| ) | |
| JAMES HURLEY,[1] ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the Petition of Wendell Simmons for a Writ of Habeas Corpus under 28 U.S.C. § 2254.

## I. Procedural History

Petitioner is presently incarcerated at the Northeast Correctional Center in Bowling Green, Missouri, pursuant to the Sentence and Judgment of the Circuit Court of the City of St. Louis, Missouri. (Respt's Ex. A at 14-17) [2]

On September 19, 2005, Petitioner was charged by Complaint with attempted first degree burglary. Id. at 5. Petitioner was subsequently charged by Indictment with first degree burglary. Id. at 7. On September 4, 2007, Petitioner pled guilty to one count of burglary in the first degree. Id. at 9-11. At the plea hearing, the Prosecutor stated that, if Petitioner's case had gone to trial, the evidence would show that Petitioner broke into a residence for the purpose of committing a

---

[1] James Hurley is the Warden at Northeast Correctional Center, the institution to which petitioner has been transferred. Consequently, James Hurley will be substituted for Dave Dormire as the proper party respondent in this action. See Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts.

[2] The Respondent's four exhibits, A-D, will be referred to herein as (Respt's Ex. A/B/C/D at __).

1

stealing therein, and the Petitioner was seen entering a window of the residence by one of the people living there. Id. at 10. The Prosecutor indicated that Petitioner's body was partially through the window when he was seen by the residents. See id. Petitioner admitted to the facts recited by the State. Id. On November 2, 2007, Petitioner was sentenced as a persistent offender to fifteen years imprisonment. Id. at 12-13. After the court announced Petitioner's sentence, Petitioner attempted to suggest that he had entered the residence at issue because he was "high off drugs" and chasing after a person who had his money, not because he was trying to steal something. Id. at 13. The court did not permit Petitioner to withdraw his plea. Id.

On December 26, 2007, Petitioner filed a pro se Motion to Vacate, Set Aside or Correct the Judgment or Sentence pursuant to Rule 24.035. Id. at 20-25. On June 22, 2009, after appointment of counsel, Petitioner filed an Amended Motion to Vacate, Set Aside or Correct Judgment and Sentence and Request for Evidentiary Hearing. Id. at 29-35. Petitioner argued that he received ineffective assistance of counsel in that plea counsel coerced Petitioner into pleading guilty by failing to investigate or develop potential defenses to the charge of burglary in the first degree. Id. at 31. On December 11, 2009, the motion court denied both the Petitioner's motion and request for an evidentiary hearing. Id. at 36-45.

Petitioner raised the same ineffective assistance of counsel claim on appeal from the denial of post-conviction relief. (Respt's Ex. B at 9) On December 14, 2010, the Missouri Court of Appeals affirmed the motion court's decision in a short Order, Simmons v. State, 326 S.W.3d 849 (Mo. Ct. App. 2010), supplemented by a Memorandum sent only to the parties setting forth the reasons for its decision (Respt's Ex. D).

On March 1, 2011, Petitioner, pro se, filed the instant Petition for a Writ of Habeas Corpus citing three grounds for relief. [Doc. 1] In his first ground for relief, Petitioner argues that he received ineffective assistance of counsel, because counsel failed to investigate or

develop potential defenses to the charge of first degree burglary. In his second ground for relief, Petitioner argues that he received ineffective assistance of counsel in that counsel failed to properly prepare for trial by not spending adequate time with Petitioner prior to the plea and not accepting calls from Petitioner. In his third ground for relief, Petitioner contends that he is actually innocent of the charge of first degree burglary.

On April 28, 2011, Respondent filed a Response to Order to Show Cause, in which he argues that portions of Ground One; Ground Two; and Ground Three are procedurally defaulted. Respondent also argues that Petitioner's claims fail on their merits. [Doc. 7] On May 17, 2011, Petitioner filed a Traverse, in which he provides further argument in support of his Petition. [Doc. 11]

## II. Standard of Review

A federal court's power to grant a writ of habeas corpus is governed by 28 U.S.C. § 2254(d), which provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The Supreme Court construed Section 2254(d) in <u>Williams v. Taylor</u>, 529 U.S. 362 (2000). With respect to the "contrary to" language, a majority of the Court held that a state court decision is contrary to clearly established federal law "if the state court arrives at a conclusion

3

opposite to that reached by [the Supreme Court] on a question of law" or if the state court "decides a case differently than [the] Court has on a set of materially indistinguishable facts." Id. at 405. Under the "unreasonable application" prong of § 2254(d)(1), a writ may issue if "the state court identifies the correct governing legal rule from [the Supreme Court's] cases but unreasonably applies [the principle] to the facts of the particular state prisoner's case." Id. Thus, "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Id. at 410. Although the Court failed to specifically define "objectively unreasonable," it observed that "an unreasonable application of federal law is different from an incorrect application of federal law." Id. at 410.

### III. Procedural Default

To avoid defaulting on a claim, a petitioner seeking federal habeas review must have fairly presented the substance of the claim to the state courts, thereby affording the state courts a fair opportunity to apply controlling legal principles to the facts bearing on the claim. Wemark v. Iowa, 322 F.3d 1018, 1020–21 (8th Cir. 2003) (internal quotation marks and citations omitted) (quoting Anderson v. Harless, 459 U.S. 4, 6 (1982) (per curiam) and Anderson v. Groose, 106 F.3d 242, 245 (8th Cir. 1997)). Specifically, a state prisoner must fairly present each of his claims in each appropriate state court before seeking federal habeas review of the claim. Baldwin v. Reese, 541 U.S. 27, 29 (2004). A claim has been fairly presented when a petitioner has properly raised the same factual grounds and legal theories in the state courts that he is attempting to raise in his federal petition. Wemark, 322 F.3d at 1021 (internal quotation marks omitted) (quoting Joubert v. Hopkins, 75 F.3d 1232, 1240 (8th Cir. 1996)). Claims that are not fairly presented to the state courts are procedurally defaulted. See id. at 1022. Absent a

4

showing of cause and prejudice or a miscarriage of justice, a federal habeas court may not reach the merits of a federal constitutional claim procedurally defaulted due to a petitioner's failure to follow applicable state rules in raising the claim in state court. Sawyer v. Whitley, 505 U.S. 333, 338–39 (1992).

Missouri requires the raising of constitutional claims at the first available opportunity. See State v. Wilson, 812 S.W.2d 213, 216 (Mo. Ct. App. 1991), citing State v. Smith, 781 S.W.2d 761, 770 (Mo. banc 1989). Missouri Supreme Court Rule 24.035 "provides the exclusive procedure by which [a] person [convicted of a felony or a guilty plea] may seek relief in the sentencing court for the claims enumerated." Mo. S. Ct. Rule 24.035(a). The types of claims identified in the Rule include: claims that the conviction or sentence imposed violates the constitution and laws of [Missouri] or the constitution of the United States, including claims of ineffective assistance of trial and appellate counsel, that the court imposing the sentence was without jurisdiction to do so, or that the sentence imposed was in excess of the maximum sentence authorized by law. Id.; see also Roberts v. Milburn, 2013 WL 4620614 (E.D. Mo. Aug. 24, 2013). When claims for relief are not presented in a Rule 24.035 motion to a state court, the state court does not have an opportunity to review the claims, therefore a petitioner's failure to present such claims "constitutes default to federal habeas review." Smith v. Groose, 998 F.2d 1439, 1441 (8th Cir. 1993).

In his first ground for relief, Petitioner argues that he received ineffective assistance of counsel when counsel failed to investigate or develop potential defenses to the charge of first degree burglary. Petitioner made the following factual allegations in support of this claim: (1) he did not enter the dwelling, did not have a weapon, and was not there for the purpose of committing theft; (2) he was coerced into pleading guilty due to the failure of counsel to

5

perform any investigation; (3) counsel did not file a "motion to get Petitioner's charge reduced back to his original charge of attempted Burglary;" and (4) counsel did not request a reduction of charges based on the statements made during sentencing, nor did she argue the actual crime committed was trespassing. [Doc. No. 1 at 3]

In his amended post-conviction relief motion and on appeal from the denial of post-conviction relief, Petitioner argued that he received ineffective assistance of counsel in that plea counsel coerced him into pleading guilty by failing to investigate or develop potential defenses to the charge of burglary in the first degree. (Respt's Ex. A at 29-35; Respt's Ex. B) Petitioner provided the following facts in support of his claim: (1) no evidence was presented showing that he was inside the dwelling (Respt's Ex. A at 32-33; Respt's Ex. B at 12); (2) no evidence was presented that he intended to commit a crime or that he used a weapon (Respt's Ex. A at 33; Respt's Ex. B at 13); and (3) he felt coerced to plead guilty because counsel had not investigated the case nor prepared for trial (Respt's Ex. A at 31-33; Respt's Ex. B at 13-15).

Petitioner raised the first two parts of his ineffective assistance of counsel claim from Ground One of his federal habeas petition [Doc. 1 at 3], in his state post-conviction proceedings. The third and fourth parts of Petitioner's first ground for relief, in which he contends that counsel failed to file a motion for reduction of the charge, however, were not raised in state court. Thus, the third and fourth parts of Ground One are procedurally defaulted.

In his second ground for relief, Petitioner argues that he received ineffective assistance of counsel in that counsel failed to properly prepare for trial by not spending adequate time with Petitioner prior to the plea and not accepting calls from Petitioner. [Doc. 1 at 4] As supporting facts, Petitioner also contends that the relationship was negative due to Petitioner's

inability to raise sufficient funds to pay counsel, and that counsel never visited the jail where Petitioner was confined. Id. at 5.

Although Petitioner raised this claim in his pro se post-conviction motion, the claim was not included in the amended motion, or in the appeal. (Respt's Ex. A at 21, 29-35; Ex. B) Thus, ground two is procedurally defaulted.

In his third ground for relief, Petitioner contends that he is actually innocent of the charge of first degree burglary. [Doc. 1 at 6] Petitioner did not raise this claim in the state post-conviction proceedings and the claim is, therefore, procedurally defaulted.

Claims that have not been fairly presented to the state courts are procedurally defaulted and may not give rise to federal habeas relief unless the petitioner establishes "cause for not presenting the claim on post-conviction appeal and prejudice from the failure, or a fundamental miscarriage of justice-meaning that he is actually innocent." Storey v. Roper, 603 F.3d 507, 523-24 (8th Cir. 2010) (citing Schlup v. Delo, 513 U.S. 298, 324 (1995)). Petitioner has not made any allegation of cause and prejudice to excuse the default.

In Schlup, the Supreme Court recognized that a habeas petitioner could present a claim of actual innocence as a "gateway" to resurrecting procedurally defaulted claims of constitutional error which occurred in the underlying trial, but "such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." Schlup, 513 U.S. at 324. Petitioners asserting innocence as a gateway to defaulted claims must establish that in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Id. at 327.

The Supreme Court explained in House v. Bell, 547 U.S. 518 (2006), that the Schlup standard "is demanding and permits review only in the 'extraordinary' case. At the same time, though, the Schlup standard does not require absolute certainty about the petitioner's guilt or innocence." House, 547 U.S. at 538 (citations omitted). And more recently in McQuiggin v. Perkins, 133 S.Ct. 1924 (2013), the Supreme Court reaffirmed that "a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims (here, ineffective assistance of counsel) on the merits notwithstanding the existence of a procedural bar to relief." McQuiggin, 133 S.Ct. at 1931. The Court further stated that it had "not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence." Id.

Here, the undersigned concludes that Petitioner has not made a showing of actual innocence as a gateway to excuse his procedural default. In his third ground for relief, Petitioner claims that he is actually innocent, because he never entered the residence at issue and did not have a weapon in his possession. Petitioner, however, has not presented any new evidence supporting his claim. As will be discussed further below, Petitioner's claim is based entirely on a misunderstanding of Missouri law, and does not establish his innocence. Further, Petitioner's actual innocence claim lacks merit in light of his guilty plea. See Weeks v. Bowersox, 119 F.3d 1342, 1355 (8th Cir. 1997) (Loken, J., concurring) ("[T]here is an inherent paradox in the notion that someone who has stood in open court and declared, 'I am guilty,' may turn around years later and claim that he deserves to pass through the actual innocence gateway."); McCall v. Benson, 114 F.3d 754, 758 (8th Cir. 1997) (even if a prisoner attempted to show actual innocence, "in light of his guilty plea, such an attempt would be unpersuasive.").

8

Petitioner's claims cannot be resurrected from procedural default, because there is no new evidence or a credible claim of actual innocence.

### IV. Petitioner's Claims

Although the Court has found that portions of the Petitioner's first three grounds for relief are procedurally defaulted, the Court will conduct a review of the stated grounds for relief to show that they also fail on their merits.

In <u>Hill v. Lockhart</u>, 474 U.S. 52, 58 (1985), the Supreme Court held that the two-pronged <u>Strickland</u> test applies to challenges to guilty pleas on grounds of ineffective assistance of counsel and that, to prevail, a habeas petitioner must show that his attorney's performance "'fell below an objective standard of reasonableness,'" and that "'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'"  <u>Hill</u>, 474 U.S. at 57, 59 (quoting <u>Strickland v. Washington</u>, 466 U.S. 668, 687-88 (1984)).

**IV.A. Ground One: Ineffective assistance of counsel based on alleged failure to investigate and failure to develop potential defenses.**

As stated above, Petitioner argues in his first ground for relief that he received ineffective assistance of counsel when counsel failed to investigate or develop potential defenses to the charge of first degree burglary. Petitioner raises the following factual allegations in support of this claim: (1) he did not enter the dwelling, did not have a weapon, and was not there for the purpose of committing theft; (2) he was coerced into pleading guilty due to the failure of counsel to perform any investigation; (3) counsel did not file a "motion to get Petitioner's charge reduced back to his original charge of attempted Burglary;" and (4) counsel did not request a reduction of charges based on the statements made during sentencing. [Doc. No. 1 at 3]  The Court will discuss these claims in turn.

**IV.A.1.** **The record supports that Petitioner admitted facts sufficient to support his conviction for First Degree Burglary and Petitioner's guilty plea was not coerced.**

Petitioner claims that plea counsel failed to investigate facts or develop defenses to the charge, which would have shown that he did not enter the dwelling, did not have a weapon, and was not there for the purpose of committing theft. Petitioner contends that he was coerced into pleading guilty due to the failure of counsel to perform any investigation.

At the plea hearing, Petitioner testified that he understood that he had the right to a trial, including the right to present witnesses, and that he was giving up these rights when pleading guilty. (Respt's Ex. A at 10) The following exchange occurred regarding the evidence that would be presented at trial:

[PROSECUTOR]: []. Had this matter proceeded to trial, the state would prove beyond a reasonable doubt that defendant committed the Class B felony of burglary in the first degree in that on September 18th, 2005, at 8:45 a.m. at 5349 Pershing, which is in the City of St. Louis, State of Missouri, the defendant knowingly entered unlawfully in an inhabitable structure located at 5349 Pershing and possessed by Karen Buckley, for the purpose of committing a stealing therein.

In affecting entry, there was present in such inhabitable structure Karen Buckley and Janel Ellsworth-last name is E-L-L-S-W-O-R-T-H, Janel is J-A-N-E-L-persons who were not a participant in the crime.

Specifically, Your Honor, the state would show that Janel Ellsworth was in her chair when she observed the defendant entering her window.

THE COURT: What time of day or night was this?

[PROSECUTOR]: It's 8:45 a.m., Your Honor.

THE COURT: Okay.

[PROSECUTOR]: Also present was Janel-or, I'm sorry, Karen Buckley, who is also living at that residence. They both ID'd the defendant as the person entering- or excuse me, Janel Ellsworth ID'd the defendant as someone who was entering her residence.

10

> Neither Janel Ellsworth nor Karen Buckley gave the defendant permission to enter that residence.

THE COURT: My understanding was he was partially through the window?

[PROSECUTOR]: He was climbing in the window sill, Your Honor.

THE COURT: But he didn't gain-his entire body was not in the house; is that right?

[PROSECUTOR]: I don't believe so, Your Honor. That's true.

THE COURT: Do you admit those facts as stated by the circuit attorney?

[PROSECUTOR]: Yes, ma'am.

Id. Petitioner testified that no one had made any threats or promises to him to get him to plead guilty, and that he was pleading guilty of his own free will. Id. at 10-11. Petitioner further testified that he was satisfied with the services of his attorney, that he did not want his attorney to do any further investigation into the charge, that he had had enough time to talk to his attorney and go over the evidence with her, and that he did not have any defense witnesses he would have brought to court. Id. at 11.

At Petitioner's sentencing, the court, quoting from a victim impact statement, stated as follows: "Her daughter felt threatened because Simmons was found climbing through her window by her daughter, and to this day they don't know what his intent was." Id. at 12. At the sentencing hearing, Petitioner again stated that he was satisfied with his attorney's services. Id. at 13.

Petitioner raised this claim in his post-conviction proceedings. The motion court noted that Section 569.160, titled Burglary in the first degree, provides as follows:

> 1. A person commits the crime of burglary in the first degree if he knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the purpose of committing a crime therein, and when in effecting entry or while in the building or inhabitable structure or in immediate flight therefrom, he or another participant in the crime:

11

(1) Is armed with explosives or a deadly weapon or;

(2) Causes or threatens immediate physical injury to any person who is not a participant in the crime; or

(3) There is present in the structure another person who is not a participant in the crime.

Id. at 40-41.

The motion court found Petitioner's claim was without merit. First, the court noted that the allegation that Petitioner wanted his plea counsel to do further investigation was refuted by the record of the plea. Id. at 41. Second, the court found that the Petitioner's contention that the facts did not support the charge were without merit. Id. at 42-43. The court noted that, under Missouri law, the presence of any part of a burglar's body within the premises is sufficient entry to fulfill the entering element of the offense of burglary. Id. at 42 (citing State v. Carter, 541 S.W.2d 692 (Mo. Ct. App. 1976)). The court stated that Petitioner admitted at the plea hearing the facts stated by the Prosecutor, including that he had partially entered the dwelling through a window. Id. at 43-44. Finally, with regard to Petitioner's claim that there was no evidence of any of the three subparagraphs to support the charge, the court pointed out that subparagraph (3) of the first degree burglary statute provides as follows: "There is present in the structure another person who is not a participant in the crime." Id. at 44. The court stated that, in this case, there was another person in the structure. Id.

The Missouri Court of Appeals also rejected Petitioner's claim. The court began by citing the relevant Strickland standard. (Respt's Ex. D at 4) The court found that Petitioner's claim that counsel was ineffective and coerced him to plead guilty was refuted by the record. Id. at 4-5. The court further found that Petitioner failed to plead sufficient facts warranting him relief. Id. at 5. The court noted that Petitioner did not indicate what specific information

his counsel failed to discover by not investigating his case further, or how this information would have aided his defense.  Id.

The undersigned finds that Petitioner has not satisfied his heavy burden to show that the determination of the Missouri Court of Appeals' was incorrect or unreasonable.  First, Petitioner admitted to the facts as stated by the Prosecutor at the plea hearing, including the facts that he partially entered a dwelling with residents present for the purpose of stealing.  (Respt's Ex. A at 10)  Petitioner also testified that he was satisfied with the services provided by counsel, and that he did not want her to do any further investigation into the charge.  Id. at 11.  Petitioner testified that no one had made any threats or promises to him to get him to plead guilty, and that he was pleading guilty of his own free will.  Id. at 10-11.

A petitioner has a heavy burden to overcome admissions the petitioner made at a plea hearing.  A "defendant's representations during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'"  Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997) (quoting Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir. 1985)); Bramlett v. Lockhart, 876 F.2d 644, 648 (8th Cir. 1989) (quoting Voytik, 778 F.2d at 1308).  See also Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity" and representations of the defendant at the plea hearing "constitute a formidable barrier in any subsequent collateral proceedings").

Second, Petitioner has not cited any specific evidence that plea counsel failed to obtain, nor has he explained how the unidentified evidence would have aided his defense.  Although Petitioner contends that investigation would have revealed he did not enter the dwelling and did not have a weapon, these facts were stated at the plea hearing.  The motion court noted that, under Missouri law, the presence of any part of Petitioner's body was sufficient to fulfill

13

the entering element of the offense; and that Petitioner need not have a weapon due to the presence of one of the house's residents in the structure during the crime.   Thus, Petitioner has failed to show that plea counsel acted unreasonably.

**IV.A.2.   Attorney's failure to file motions for reduction of charge was not unreasonable.**

Petitioner next argues that plea counsel did not file a "motion to get Petitioner's charge reduced back to his original charge of attempted Burglary;" nor did she suggest that the crime committed was the less serious crime of trespassing.   [Doc. 1 at 3]   Petitioner contends that the Prosecutor admitted at the sentencing hearing that Petitioner never entered the dwelling. Petitioner claims that none of the statutory requirements of first degree burglary were met, and that counsel erred in failing to request that the original charge of attempted burglary be reinstated.

Petitioner's claims are procedurally defaulted and lack merit.   As previously discussed, the burglary statute does not require that Petitioner's whole body was inside the structure.   Petitioner admitted at the plea hearing that he was partially inside the window of the structure, and that residents of the structure were present during his entry.   (Respt's A at 42-44)   Thus, the evidence was sufficient to establish a factual basis for his plea.   Petitioner has failed to demonstrate plea counsel acted unreasonably in not requesting a reduction of the charge.

**IV.B.   Ground Two: Ineffective assistance of counsel based on alleged failure to prepare for trial and failure to spend adequate time with Petitioner prior to the plea.**

The Petitioner's second ground for relief is that he received ineffective assistance of counsel in that counsel failed to properly prepare for trial by not spending adequate time with Petitioner prior to the plea, and by not accepting calls from Petitioner.   As supporting facts, Petitioner also contends that the relationship was negative due to Petitioner's inability to raise

14

sufficient funds to pay counsel; he also claims that counsel never visited the jail where Petitioner was confined.

The undersigned has already found that this claim is procedurally defaulted. Petitioner's claim also lacks merit. Petitioner testified at the plea hearing that he was satisfied with the services of his attorney, that he did not want his attorney to do any further investigation into the charge, that he had had enough time to talk to his attorney and go over the evidence with her, and that he did not have any defense witnesses he would have brought to court. (Respt's Ex. A at 11) Petitioner's representations carry a strong presumption of verity. Nguyen, 114 F.3d at 703. In addition, Petitioner failed to indicate how his defense would have been strengthened in the event counsel had spent more time with him.

Accordingly, Petitioner's second ground for relief will be denied.

**IV.C. Ground Three: Actual Innocence**

Petitioner contends that he is actually innocent of the charge of first degree burglary, because he never entered the residence at issue and did not have a weapon in his possession. [Doc. 1 at 6-7] The undersigned has already found that Petitioner's actual innocence claim failed as a "gateway" to permit consideration of his procedurally defaulted claims as Petitioner offered no new evidence supporting his actual innocence claim.

The Supreme Court confirmed that it has "not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence." McQuiggen, 133 S.Ct. at 1931, citing Herrera v. Collins, 506 U.S. 390, 404-405 (1993). The Court has established, however, that the threshold for any such claim, if it were recognized, would be "extraordinarily high." Herrera, 506 U.S. at 417 (evaluating a freestanding innocence claim in the context of a capital case). The threshold, if it exists, would require "more convincing

15

proof" than the Schlup "gateway" standard that allows for consideration of otherwise defaulted constitutional claims upon a showing of actual innocence. House, 547 U.S. at 555.

Petitioner has failed to make a showing of actual innocence. Petitioner's claim is based solely on a misunderstanding of Missouri law, and does not establish his innocence. Further, Petitioner's actual innocence claim lacks merit in light of his guilty plea.

Accordingly, Petitioner's third ground for relief will be denied.

V.      **Certificate of Appealability**

To grant a certificate of appealability, a federal habeas court must find a substantial showing of the denial of a federal constitutional right. See 28 U.S.C. § 2253(c)(2); Hunter v. Bowersox, 172 F.3d 1016, 1020 (8th Cir. 1999). A substantial showing is established if the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997). In this case, the Petitioner has failed to make a substantial showing of the denial of a constitutional right. The undersigned is not persuaded that the issues raised in his Petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings.

Accordingly, no Certificate of Appealability shall be issued.

**ORDER**

**IT IS HEREBY ORDERED, ADJUDGED and DECREED** that the instant Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 be **denied** and be **dismissed with prejudice** by separate judgment entered this date.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Petitioner be

16

denied a Certificate of Appealability if Petitioner seeks to appeal this Judgment of Dismissal.

_____
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE

Dated this 14th day of August, 2014.